**GRACE EVELYN HALL v. DELFINA P. F. ADAMS, et vir**

19 So. (2nd) 412

October 10, 1944

June Term, 1944

Division A

*Myron H. Lewis,* for appellant.

*Ernest E. Roberts,* for appellee.

TERRELL, J.:

This appeal is from a final decree foreclosing a purchase money mortgage. The parties are widely at variance as to what questions this Court should answer, so we are relegated to the record to cull them from that. It appears that Grace Hall, appellant, purchased a house and lot from Delfina Adams, appellee, and gave in exchange for it fifty promissory notes secured by the mortgage foreclosed. The notes were payable monthly. Notes One, Two, and Three were paid as they matured, but Grace left the premises and defaulted on payment of Note Four. Delfina moved in and took possession and later instituted suit to foreclose.

Delfina contends that Grace voluntarily surrendered the premises to her while Grace contends that Delfina wangled

in the house during her (Grace's) absence and took possession without her knowledge or consent. There is no dispute about the amount due on the face of the notes but Grace contends that because of Delfina's unlawful entry and detainer, she should pay twice the rental value of the premises as required by Section 82.14, Florida Statutes 1941. It is shown that an unlawful detainer suit was brought in the proper forum and was intercepted by plea in abatement because the same relief could be secured in equity by answer and counter claim which was interposed.

So by the issues made and theory under which the case was tried, the question presented is how much rental should Delfina pay Grace during the time she held the premises in view of the statute referred to.

Section 82.14, Florida Statutes 1941, has to do with the allowance of monthly rental in unlawful detention cases. It permits the allowance of double the rental value when deprived of possession only when the jury is satisfied from the evidence that the detention is "willful and knowingly wrongful." The issues in this case were tried by the Court and the evidence on this point was conflicting, so the court's finding should be given the same weight as that of a jury.

Delfina testified postively that Grace authorized her to take charge of the premises. The master and the Court both found that the detention was not "willful and knowingly wrongful." The Court decreed that Grace should be .given the actual rental value of the property during the period Delfina was in possession as credit on the mortgage. Other evidence tends to support this finding and no reason is shown to disturb it.

Affirmed.

BUFORD, C. J., CHAPMAN and ADAMS, JJ., concur.